SAM ROSE v. WILLIAM DURHAM, *Treasurer of Pottawatomie County*.

(Filed June 30, 1900.)

TAXES—*Enjoining Collection.* Upon the authority of *Streight et al. v. Durham, Treasurer*, (This Volume, page 361,) the judgment of the district court is affirmed.

(Syllabus by the Court.)

*Error from the District Court of Pottawatomie County; before B. F. Burwell, District Judge.*

*P. O. Cassidy*, for plaintiff in error.

*L. G. Pitman*, for defendant in error.

Opinion of the court by

HAINER, J.:  This was an action brought by the plaintiff in error against the defendant in error in the district court of Pottawatomie county, to enjoin the collection of a portion of the tax of 1897 which the plaintiff alleged to be illegal.  The petition of the plaintiff alleges substantially that he listed and returned under oath all his personal property to the assessor of the city of Shawnee for the year 1897, and placed the valuation thereon at $2,000.00, which was the average cash value of all of plaintiff's personal property in said city at the time, and that the said city assessor did at the time assess the value of plaintiff's property at $2,000.00; that afterwards the said property was raised by the city assessor from $2,000.00 to $4,000.00 without the knowledge or notice to the plaintiff.  A temporary injunction was granted by the probate judge in the absence of the district court. The defendant filed an answer alleging in substance that plaintiff's property was assessed far below the average value of other personal property in this city of Shawnee, and that the said valuation was raised by the board of equalization of the city of Shawnee, consisting of the mayor, the city clerk, and the city assessor, and not by the assessor of said city as alleged in plaintiff's petition, and that the property was not raised above its true cash value; that said action of the board of equalization was regular and according to law.

Upon the issues thus framed the cause was tried by the district court upon affidavits filed in said cause, which were received as evidence in the case by agreement of the parties.  The only evidence on behalf of the plaintiff was his own affidavit which is as follows:

"Territory of Oklahoma, Pottawatomie county, ss.

"Sam Rose, being duly sworn, on oath deposes and says: That he is the plaintiff in the above entitled action; that he is a resident of the city of Shawnee, in said county and Territory, and was a resident thereof during all the year 1897; that he is now and was in said year 1897 engaged in the clothing and dry goods business, and that in the year 1897, all the property he owned of any description in said city and county, was his stock of clothing and dry goods, subject to taxation. That in February 1897, the assessor of the said city of Shawnee came to this affiant's place of business in the said city of Shawnee, for the purpose of assessing his stock of clothing and dry goods, and this affiant after having been duly sworn by said assessor, listed to the said assessor his said stock of clothing and dry goods which was all the property, either real or personal that affiant owned in the said city of Shawnee; that after listing said property, as aforesaid, affiant placed the value thereof at $2,000.00, being the average cash value of said property, and the said assessor there and then in the presence of this affiant, duly entered said property upon the assessment roll and placed the value thereof at $2,000.00; and this affiant believing that the assessor would allow the said value to stand, paid no more attention to said assessment until he went to pay his taxes after the first day of January, 1898, when he ascertained from the county clerk and treasurer, that when the said city assessor returned the assessment roll of the city of Shawnee to the county clerk, that the value of affiant's said property had been raised one hundred per cent; that is, from $2,000.00 to $4,000.00.

"And affiant further says that he does not know who increased the value of his said property, from that given by him to the assessor and entered upon the assessment roll at the time by the assessor.

"And affirant further says, that no schedule of the increase or change in the valuation of his said property was ever given to him by the assessor or any one else,

and that believing no change had been made he paid no further attention to said assessment and knew of no change until he went to pay his taxes as aforesaid. And further affiant sayeth not.

'SAM ROSE.

"Subscribed and sworn to before me this 16th day of February, 1898.

"C. M. CADE,
"Notary Public.

"My commission expires Jan. 28, 1899."

It will thus be seen that the only evidence offered material to the issues involved in this case by the plaintiff was that he listed the value of his property at $2,000.00, and that it was the average cash value of said property, and that he had no notice or knowledge of the raise made by the city board of equalization. There was no evidence offered to prove either irregularity or fraud on the part of the said city assessor or the board of equalization. There was no evidence introduced by the plaintiff that the actual or true cash value of the property at the time it was listed and returned to the assessor was $2,000,00. Nor, was there any evidence offered by the plaintiff that the board of equalization had raised the plaintiff's property in excess of its true cash value; and there was no evidence that there was any unequal discrimination made between the plaintiff's property and similar property, which was assessed within the taxing district of said city.

On the other hand, the defendant offered in evidence the affidavits of the city board of equalization, consisting of the city assessor, the mayor and the city clerk. The evidence offered on behalf of the defendant shows that the board of equalization met on the day fixed by the statute, to-wit, on the third Monday of April, 1897, for the

purpose of equalizing the individual assessments of the various tax payers of the city of Shawnee. That the board of equalization found and determined that the personal property of the said plaintiff, Sam Rose, was assessed far below the average cash value of other personal property as returned by the various tax payers of said city for the year 1897; that said assessment was raised by the board of equalization, and not by the city assessor as alleged in the plaintiff's petition; that no unequal discrimination was made between the plaintiff's property and similar property within the taxing district of said city; and that the fair cash value of said property was $4,000.00.

The district court found that the evidence introduced was insufficient to sustain the claim of the illegality of said tax and thereupon dissolved the temporary injunction which was granted by the probate court, and dismissed the action at the costs of the plaintiff. From this judgment the plaintiff appeals. We think that the plaintiff has wholly failed to plead or prove facts sufficient to constitute a cause of action against the defendant. This case was submitted on the same briefs as were filed in the case of the *Shawnee Hardware Company v. Durham*, No. 976, and the identical questions are involved in this case.

Hence, upon the authority of the *Shawnee Hardware Company v. Durham* (decided at this term of court) the judgment of the district court is affirmed, at the cost of the appellant.

Burwell, J., having presided in the court below, and McAtee, J., not sitting; all of the other Justices concurring.